# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                        **Case No:   6:18-cv-2-Orl-37KRS**

**$137,700.00 IN U.S. CURRENCY and**
**JAMES R. SHELNUTT, III,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **UNITED STATES' RENEWED MOTION FOR DEFAULT JUDGMENT OF FOREFEITURE (Doc. No. 19)**
>
> **FILED:**     **April 5, 2018**

**I.   BACKGROUND.**

On January 2, 2018, the United States filed its Verified Complaint for Forfeiture *In Rem* against $137,700.00 in U.S. Currency ("Defendant Funds"). Doc. No. 1. In the complaint, the United States alleged that the Defendant Funds were seized in July 2017 from a safe and a safe deposit box belonging to James Robert Shelnutt, III. Agents of the Drug Enforcement Agency ("DEA") took custody of the Defendant Funds and deposited them into an account controlled by the United States. *Id.* ¶ 5.

The Court issued a warrant of arrest *in rem* on January 12, 2018. Doc. No. 9. Thereafter, the United States complied with Federal Rule of Civil Procedure Supplemental Rule G(4)(a)(i)-(iv)

by posting a notice of this civil forfeiture action on its official website, www.forfeiture.gov, for a period of 30 consecutive days. Doc. No. 12. It also complied with Supplemental Rule G(4)(b) by sending notice of this civil forfeiture action to the only potential claimant, Mr. Shelnutt, by sending the notice to his counsel of record via certified and first class U.S. Mail on January 9, 2018. Doc. No. 14-1 ¶¶ 3-6; Doc. No. 14-2.[1] The notice stated that Mr. Shelnutt was required to file a verified claim within 35 days after the date of the notice—that is, by February 13, 2018. Doc. No. 14-2. That deadline passed, and Mr. Shelnutt did not file a claim or answer. In addition, counsel for the United States averred that he communicated with Mr. Shelnutt's attorney, who stated that Mr. Shelnutt does not intend to file a claim. Doc. No. 14-1 ¶ 7. Accordingly, following a motion by the United States, the Clerk entered a default against Mr. Shelnutt. Doc. Nos. 14-16.

On March 15, 2018, the United States filed a motion for default judgment. Doc. No. 17. I denied that motion without prejudice because the United States had not shown that the allegations of the complaint provided a sufficient legal basis for the entry of a default judgment. Doc. No. 18.

On April 5, 2018, the United States filed a renewed motion, seeking the entry of a default judgment of forfeiture that forfeits to the United States all right, title, and interest in the Defendant Funds, which shall vest clear title to the Defendant Funds in the United States of America. Doc. No. 19. Mr. Shelnutt has not filed a response to the motion, and the time for doing so has passed. Accordingly, the motion is ripe for decision.

---

[1] Supplemental Rule G was adopted in 2006 because "reasons [had] appeared to create sharper distinctions [between admiralty *in rem* actions and civil forfeiture *in rem* actions] within the framework of the Supplemental Rules." 2006 Advisory Committee Notes to Supplemental Rule G. Thus, civil forfeiture actions are governed by Supplemental Rule G, and admiralty *in rem* actions are governed by Supplemental Rule C. It appears that Local Admiralty Rule 7.03 has not yet been updated to reflect that division. Regardless, the publication requirements of Local Admiralty Rule 7.03 apply only to notices required by Supplemental Rule C, which is not applicable here.

**II.     ALLEGATIONS OF THE VERIFIED COMPLAINT.**

On March 16, 2017, in Orange County, Florida, Mr. Shelnutt sold cocaine to a confidential informant for $900.  Doc. No. 1 ¶ 3.  On July 11, 2017, law enforcement officers executed a search warrant at Mr. Shelnutt's residence in Orlando, Florida.  *Id.* ¶ 10.  When the officers arrived to execute the search warrant, Mr. Shelnutt was inside the residence and a vehicle registered to him was parked in the driveway.  *Id.* ¶ 11.  In the residence, the officers found a locked combination safe.  *Id.* ¶ 12.  When asked, Mr. Shelnutt provided the combination for the safe from memory. *Id.*  The officers found $27,700.00 in U.S. currency in the safe, as well as numerous controlled substances.  *Id.*  During their search of the residence, the officers found numerous controlled substances, including, but not limited to, cocaine, marijuana, and MDMA (3,4-methylenedioxymethamphetamine), as well as the following: digital scales; keys for Wells Fargo safe deposit box 2970; mail addressed to "James Shelnutt"; a wallet containing Mr. Shelnutt's Florida driver's license; one or more prescription bottles with the name "James Shelnutt" on them; and an envelope with the name "James Shelnutt" on it.  *Id.* ¶ 13.

After Mr. Shelnutt was arrested and advised of his *Miranda* warnings, he admitted that he sold drugs.  *Id.* ¶ 14.  He also admitted that the drugs and money found in the safe belonged to him.  *Id.*  He claimed that some of the money in the safe was from legitimate employment but admitted that some was from the sale of illegal drugs.  *Id.*  Records from the Florida Department of Labor and Employment Security indicate that Mr. Shelnutt reported income of $222.02 in 2013, reported income of $2,397.06 in 2014, and has had no reported income since January 1, 2015.  *Id.* ¶ 17.

On July 13, 2017, law enforcement officers obtained a seizure warrant for the contents of Mr. Shelnutt's Wells Fargo safe deposit box (number 2970).  *Id.* ¶ 15.  Upon executing the

warrant, the officers found the following in the safe deposit box: $110,000.00 in U.S. currency; Mr. Shelnutt's birth certificate; his social security card; and several credit cards belonging to him. *Id.* ¶ 16.

### III. ANALYSIS.

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Thus, to support an entry of default judgment in a civil forfeiture case, a complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *See* Fed. R. Civ. P. Supp. Rule G(2)(f); *United States v. $134,972.34 Seized from FNB Bank, Account Number—5351*, 94 F. Supp. 3d 1224, 1229-30 (N.D. Ala. 2015) (explaining that the heightened pleading standard of Supplemental Rule G(2) applies in civil forfeiture cases, not the *Twombly/Iqbal* pleading standard from Rule 8, although the *Twombly/Iqbal* standard may provide guidance in deciding a motion to dismiss a civil asset forfeiture complaint to the extent it does not conflict with Supplemental Rule G(2)).

Upon review, the facts alleged in the verified complaint and set forth above support a reasonable belief that the United States will be able to meet its burden of proof at trial and show that the Defendant Funds constitute proceeds or are traceable to proceeds of federal controlled substance offenses, or were furnished or intended to be furnished in exchange for a controlled substance and, thus, are subject to forfeiture under 21 U.S.C. § 881(a)(6). Notice was provided in accordance with Supplemental Rule G(4)(a) and (b), and no claims or answers have been timely filed. Accordingly,

I respectfully recommend that the Court find that the United States is entitled to entry of a default judgment of forfeiture, pursuant to Fed. R. Civ. P. 55(b)(2).

## IV.   RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the United States' Motion for Default Judgment of Forfeiture (Doc. No. 19), **DIRECT** the Clerk of Court to enter a default judgment forfeiting to the United States all right, title, and interest in the Defendant Funds and, thereafter, to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 25, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy